## UNITED STATES

v.

**Kevin J. SPENCE, 540 58 5797, Seaman Recruit (E-1), U. S. Navy.**

### NCM 77 1169.

U. S. Navy Court of Military Review.

Sentence Adjudged 26 Oct. 1977.

LT Michael E. Blount, JAGC, USNR, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, ROOT and GREGORY, JJ.

CEDARBURG, Chief Judge:

As appellant's case reaches this Court, he stands convicted of an unauthorized absence of 16 days in violation of Article 86, 10 U.S.C. § 886, UCMJ, and of willfully damaging U. S. Government property in the amount of $50 or less alleged as a violation of Article 108, UCMJ. The sentence imposed by a special court-martial composed of members, as approved on review below, extends to a bad conduct discharge, confinement at hard labor for 3 months and forfeiture of $240 pay per month for 3 months.

Appellant contends he was improperly denied his right to individual military counsel. We disagree and affirm.

Prior to trial and again at trial, Captain William R. Newsome, JAGC, USN was requested as individual military counsel. Captain Newsome at the time of the requests was Circuit Military Judge, Southwest Judicial Circuit, San Diego, California.

Captain Newsome's superior, the Chief, Navy-Marine Corps Trial Judiciary Activity, Washington, D. C. by message response to a request for his detail, had determined his unavailability to serve as counsel on the following basis:

CAPT WILLIAM R. NEWSOME, JAGC, USN, CIRCUIT MILITARY JUDGE, SOUTHWEST JUDICIAL CIRCUIT, SAN DIEGO, CA IS NOT REPEAT NOT AVAILABLE AS INDIVIDUAL COUNSEL FOR SR SPENCE SINCE HIS APPEARANCE AS AN ADVOCATE FOR EITHER THE PROSECUTION OR DEFENSE WOULD BE INCONSISTENT WITH HIS DUTIES AS A MILITARY JUDGE.

The military judge at trial sustained the determination of unavailability. We conclude Captain Newsome was not reasonably available to serve as counsel for the sole reason advanced by the Chief, Navy-Marine Corps Trial Judiciary Activity.

Article 38(b), UCMJ, provides:

(b) The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or *by military counsel of his own selection if reasonably available* or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who

were detailed, shall, if the accused so desires, act as his associate counsel; otherwise they shall be excused by the military judge or by the president of a court-martial without a military judge. (Emphasis supplied).

Pertinent to the reasonableness of availability of military judges to serve in this capacity are Codal and ethical considerations. Article 26(c), UCMJ, states:

A commissioned officer who is certified to be qualified for duty as a military judge of a general court-martial may perform such duties only when he is assigned and directly responsible to the Judge Advocate General, or his designee, of the armed force of which the military judge is a member and may perform duties of a judicial or nonjudicial nature other than those relating to his primary duty as a military judge of a general court-martial when such duties are assigned to him by or with the approval of that Judge Advocate General or his designee.

The designee of the Judge Advocate General with the responsibility for assignment of certified general court-martial military judges is the Chief, Navy-Marine Corps Trial Judiciary Activity, who has determined that service as a counsel for either the prosecution or defense is incompatible with judicial duties. That determination has been promulgated as policy to field Trial Judiciary Activities. Support for his determination is found in Canon 5F *Code of Judicial Conduct* of the American Bar Association which states unequivocally and firmly, "A judge should not practice law"; a principle which reinforces the eminently reasonable intent of Canon 5 to regulate extra judicial activities by judges to minimize the risk of conflict with judicial duties. This is wholly consistent with what we perceive as a prime objective of the Court of Military Appeals to promote sensitivity to, and avoidance of, conflicts of interest and their resulting divisions of loyalty. We are fully in accord with the general proposition that advocate functions are incompatible with the adjudicative responsibilities of a judge. Fluctuation between adversarial and judgmental roles detracts from the integrity and independence of the judiciary. Military judges, while so designated, are thus not reasonably available to serve as counsel.

The findings and sentence as approved on review below are affirmed.

Judge ROOT and Judge GREGORY concur.